Argued January 10, decided January 23, 1912.

## BUCHANAN v. TENNANT.

[120 Pac. 404.]

JUDGMENT—CONSTRUCTION—MATTERS CONSIDERED.

1. Unless a decree is ambiguous, the opinion may not be looked to to contradict the decree or show that matters apparently passed upon therein were not actually decided.

JUDGMENT—WHAT CONSTITUTES.

2. It is the judgment which concludes the parties, and not the court's findings or reasoning or the verdict, and the reasoning of the court as contained in the opinion forms no part of the judgment, though contrary thereto.

ATTORNEY AND CLIENT—CONTRACT.

3. If plaintiff, an attorney, agreed to have a cloud removed from defendant's title, and had not done so when he sued to enforce the agreement, he could not, after the suit had been dismissed and defendant had discharged him, complete the performance of his contract without a new agreement with defendant.

ATTORNEY AND CLIENT—TIME OF PERFORMANCE—REASONABLE TIME.

4. Where a contract employing an attorney to remove a cloud from title fixed no time for performance, the law implied that it should be performed within a reasonable time, and a delay of 3½ years in performing the contract is *prima facie* unreasonable.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. JUSTICE MCBRIDE.

In June, 1906, plaintiff, J. A. Buchanan, entered into a written contract with defendant, Phoebe Tennant, to clear her title to certain land in Douglas County, from a cloud cast upon it by sales thereof made by the county for delinquent taxes. It was agreed thereby that, if plaintiff failed to clear the title, he should receive nothing for his services, but, if he succeeded, by suit or otherwise, defendant was to make him a warranty deed to an undivided one-half interest in the land. Thereafter plaintiff began a suit for specific performance of defendant's contract to convey the one-half interest, alleging that he began a suit to remove the cloud and that he had performed his part of the agreement, and that defendant had obtained thereby a good title, but had refused to convey to him the half interest.

Defendant answered, admitting substantially the contract, but alleging that upon its execution she directed plaintiff to take the necessary steps to have the cloud removed; and alleged that plaintiff delayed taking any action in the matter for several months; that in September, 1906, she employed her husband as her agent and attorney to take such proceedings in the matter as were necessary to establish her title to the lands in question; that in October, 1906, she ascertained through him that plaintiff had not commenced any proceeding or taken any steps to clear the title from the alleged tax liens, which constituted the cloud, but, on the contrary, had allowed the lien for the taxes of 1901, for which the property was sold in 1903, to proceed so far that a tax deed had been made to J. F. Barker and G. R. Childs, the purchasers at the tax sale; that, on account of plaintiff's delay in commencing proceedings, defendant canceled the contract and notified plaintiff not to proceed further under it; that defendant's agent proceeded at once to clear the title, and contracted to purchase the interest of Childs and Barker

to the same, the contract to be completed as soon as Childs, a resident of California, could execute a deed thereto; that plaintiff, notwithstanding that defendant had notified him that the contract was canceled, and knowing that defendant had purchased the interest of Childs and Barker, commenced a suit in the name of defendant against Childs and Barker to quiet the title, verifying the complaint himself and well knowing when he filed the complaint that the title was clear. There was also pleaded a defense that the agreement was champertous, and therefore illegal and void, and also that it was obtained by fraudulent misrepresentations as to the value of the property.

All the new matter in the answer having been put at issue by reply, the cause was heard, and the court made the following findings of facts:

"First. That plaintiff, after the execution of the contract referred to in the pleadings herein, delayed the commencement of the suit agreed by him to be brought for defendant. That said delay was occasioned through plaintiff's desire to inform himself more particularly as to plaintiff's (defendant here) title to said real property forming the subject of said proposed suit. Second. That plaintiff was not negligent in the prosecution of said suit. Third. That the value of said real property referred to in the complaint herein at the time of the said contract being entered into between plaintiff and defendant was approximately $1,500. Fourth. That the opinion given by plaintiff to defendant at said time that said real property was of the probable value of $800 was not fraudulently given, nor did the plaintiff intend to deceive or cheat defendant in said matter. Fifth. That plaintiff agreed to bear the expenses of said litigation, except $5 advanced by defendant. Sixth. That before any suit was commenced by plaintiff in pursuance with said contract, defendant through her agent notified plaintiff not to commence said suit; that said matter was in process of settlement. Seventh. That said controversy was settled without suit by payment by defendant

of $100 and by plaintiff of $42 in redemption of said real property from sale thereof for taxes."

Based upon these facts, the court made the following conclusions of law:

"First. That after making the said contract with the plaintiff it was within the power of the defendant to settle said controversy in relation to which plaintiff had been retained as attorney. Second. That in the event of such settlement made in good faith without the intent of defrauding plaintiff, plaintiff is not entitled to a decree of specific performance as for a contract the terms of which have been performed on his part. Third. That the complaint herein should be dismissed, with costs to defendant."

Thereupon a decree was entered in favor of defendant dismissing suit, and plaintiff appeals to this court.

Upon the hearing here the court affirmed the decree and findings of the circuit court. The decree is as follows:

"This cause having, on the 30th day of November, 1909, been duly tried, argued, and submitted to the court upon and concerning all the questions arising upon the transcript, record, and evidence, and then reserved for further consideration. And the court having duly considered all the said questions, as well as the suggestions, made by counsel in their argument and briefs, finds that there is not error as alleged. It is therefore ordered and adjudged and decreed by the court that the decree of the court below in this cause rendered and entered be and the same is, in all things, affirmed. And the court, having considered the evidence and the findings of fact made by the court below in this cause, finds that the said findings of fact made by the court below in this cause are correct, and are sustained by the evidence, and that the conclusions of law are correctly deduced in its conclusions of law therefrom, and it is ordered by the court that the findings of fact and conclusions of law made and found in the court below in this cause be adopted and found in this court as such. And based thereon, and upon the whole record in this cause it is further ordered,

adjudged, and decreed that the suit of the appellant herein be and it is dismissed, and that the respondent recover of and from the appellant her costs and disbursements in the court below to be there taxed."

The opinion filed in the cause discussed but one feature of the case, namely, whether plaintiff had performed his contract to clear the title, and it was therein held that by certain tax sales, prior to those made to Baker and Childs, the county had acquired a lien, which had ripened into a title, to the land in controversy, and that the payment, by plaintiff, to the county of such taxes and penalties, and the assignment by the county to defendant of the tax certificate executed to it by the sheriff, did not operate to revert the title in defendant, and that plaintiff and defendant were both wrong in assuming that the title was clear, and that consequently plaintiff's contention, that he had procured defendant a clear title, was not sustained; the court saying:

"It would thus appear, not only that plaintiff has not fully performed the terms of his contract, without which he cannot recover, but also that the defendant, contrary to her and her agent's formerly self-conceived notions, had, and still has, much need of the services of the plaintiff, or some other attorney, to perfect the title to the premises." 55 Or. 121 (105 Pac. 548).

Upon the rendition of this opinion plaintiff procured from the county a quitclaim deed completely clearing the title and again brought suit for specific performance. Defendant answered, pleading the judgment and decree of the circuit court and the decree of this court as a defense to the suit, and, this plea being sustained, the suit was dismissed. Plaintiff appeals.        AFFIRMED.

For appellant there was a brief over the names of *Mr. Albert Abraham* and *Mr. John A. Buchanan,* with an oral argument by *Mr. Buchanan.*

For respondent there was a brief over the names of *Messrs. Fullerton & Orcutt,* with an oral argument by *Mr. Albert N. Orcutt.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

Plaintiff's argument proceeds upon the theory that, if the opinion rendered by the Supreme Court (55 Or. 116: 105 Pac. 547) in the former case is to control, the ruling of the circuit court must be reversed; but if the decree rendered is to control, the ruling below must stand. We will discuss the case from that point of view.

1. We think the rule well settled that, if the decree is ambiguous in its terms, resort may be had to the opinion to ascertain its meaning. 2 Van Fleet, Former Adjud. § 278; *Legrand* v. *Rixey,* 83 Va. 862 (3 S. E. 864); *Burton* v. *Mill,* 78 Va. 470; *New Orleans R. Co.* v. *City of New Orleans,* (C. C.) 14 Fed. 373. But where the decree is unambiguous, resort will not be had to the opinion to contradict it or to show that matters apparently decided were not actually passed upon.

2. The force of the estoppel resides in the judgment itself. It is not the finding of the court nor the verdict of the jury which concludes the parties, but the judgment entered thereon. The reasoning of the court in rendering a judgment forms no part of the judgment as regards its conclusive effect; nor are the parties bound by the remarks made or opinions expressed by the court in deciding the cause, which do not necessarily enter into the judgment. 23 Cyc. 1218, and cases there cited.

3. The former decree of this court was conclusive of the whole issue, and while the opinion filed did not discuss some phases of the case included in the final decree, and seems at variance in some particulars with the decree itself, it is binding upon this court. We have frequently recalled mandates and corrected such discrepancies upon their being called to our attention; but such course was

not pursued in this case, and, in the absence of such procedure or any direct procedure to set aside the decree for mistake, it was binding upon the court below and is also binding upon this court. In any event, the opinion rendered by this court held that plaintiff had not performed his part of the agreement at the time of the bringing of his first action, and it does not stand to reason that, several years later and after that suit had been dismissed and he had been discharged by defendant, he could, without a new arrangement with her, act as her attorney and complete the performance of his contract.

4. The contract to clear plaintiff's title was entered into in June, 1906, and on January 4, 1910, this action was commenced. As no time was fixed for performance of the contract, the law implied a stipulation that it should be performed within a reasonable time. A delay of three years and a half, unexplained, is *prima facie* unreasonable, and while the plaintiff may have an action on *quantum meruit* for the value of his services, or for damages for his discharge, it would seem that, even had the decree followed the opinion, he would have had no case for specific performance.

The decree of the circuit court is affirmed.

AFFIRMED.